IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:19-CV-00849-CCE-JEP

| | |
|---|---|
| DOMINIQUE MCGILL, BRINLEY MCGILL on her own and behalf of minor children, A.M and E.M. <br> Plaintiffs, <br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., VERIZON COMMUMICATIONS INC., VERIZON COMMUNICATIONS, INC., CELCO PARTNERSHIP dba VERIZON WIRELESS <br> Defendants. | **ORDER APPROVING MINOR SETTLEMENT** |

THIS CAUSE coming on to be heard and being heard before the undersigned Presiding Judge over the United States District Court for the Middle District of North Carolina upon petition of the minor children, A.M. and E.M., by and through their Guardian Ad Litem, Brinley McGill, and their attorney of record, Erica R. Nesmith, and Christopher Hinnant, attorney for Defendants, to obtain judicial approval of the settlement as outlined in the Complaint, and Settlement Agreement & Release; and, the Court, based upon the review of the file and the representations made by the parties, and upon due inquiry, hereby finds the following:

### FINDINGS OF FACT

1. Minor A.M. is a resident and citizen of Cabarrus County, North Carolina.

1

2. Minor E.M. is a resident and citizen of Cabarrus County, North Carolina.

3. Dominque McGill is the father of minor A.M. and minor E.M.

4. Brinley McGill is the mother of minor A.M. and minor E.M.

5. Brinley McGill (hereinafter referred to as the "Guardian ad Litem") has been duly appointed Guardian ad Litem for the minor by this Court; and, in such capacity, the Guardian ad Litem hereby moves the court, by and through the attorney of record, for judicial approval of the settlement to be obtained for the benefit of the two minors, A.M. and E.M..

6. Dominque McGill is appearing in his individual capacity.

7. Brinley McGill is appearing in her individual capacity and as Guardian ad Litem for both minor Plaintiffs, A.M. and E.M.

8. Defendant Samsung Electronics, Co., Ltd. is located in Seoul, South Korea.

9. Defendant Samsung Electronics America, Inc. is a New York corporation with a principal place of business in Bergen County, New Jersey.

10. Defendant Verizon Communications Inc. is a Delaware corporation with a principal place of business in New York County, New York.

11. Defendant Cellco Partnership d/b/a Verizon Wireless is a Delaware corporation with a principal place of business in Somerset County, New Jersey.

12. Minors A.M. and E.M. have a cause of action against the Defendants for alleged negligence which arises from an incident which occurred on or about September 2, 2016.

8565843v.1

13. On said date, Dominque McGill was at his residence in Cabarrus County, North Carolina with his minor daughter, E.M., who was ten (10) months of age.

14. Dominque McGill carried his mobile device in his pocket. Dominque McGill alleges that he was holding minor E.M. in his arms when the device caught fire and the home filled with smoke.

15. Brinley McGill and minor child, A.M., were not present when the incident occurred, but subsequently came home to a house filled with smoke.

16. There are no medical liens or outstanding medical balances related to the medical treatment of minor A.M.

17. There are no medical liens or outstanding medical balances related to the medical treatment of minor E.M.

18. The minors, A.M. and E.M., and their Guardian ad Litem have made a claim upon Defendants for any and all injuries and damages alleged to have been sustained by the minors as a result of the incident described above.

19. Although there are substantial contested issues with respect to the existence of the injuries, the extent of the injuries, the reasonableness and necessity of the health care, and/or the extent of insurance coverage regarding the accident, the minors and their Guardian ad Litem have negotiated a compromised settlement with Defendants thereby resolving any and all matters at issue pertaining to the alleged injuries or damages or in any way relating to the alleged injuries or damages sustained by the minors as a result of the incident.

20. The terms and conditions of the offer of settlement are set forth and described more

fully in the Settlement Agreement and Release documents, which are hereby incorporated by reference as though fully set forth herein.

21. The attorney for the minors, A.M. and E.M., Erica R. Nesmith, of The Nesmith Firm, PLLC, has rendered valuable legal services for the minors and advanced reasonable expenses during the pursuit of this claim for the minors, and reasonable attorney's fees and reimbursement for the costs and expenses incurred in pursuit of this claim for the minors are in order for those services rendered by the attorney.

22. The settlement described in the Settlement Agreement and Release is fair, just and reasonable in all respects, and the settlement is in the best interest of the minors; and, the minors and their Guardian ad Litem hereby request that the settlement agreement be adopted and approved by the court as a final resolution of all matters pertaining to injuries or damages alleged to have been sustained by the minors or their parents/legal or natural guardians as a result of the accident.

23. The parties have negotiated the settlement agreement described in the Settlement Agreement and Release documents in good faith and at arm's length.

24. The settlement agreement described in the Complaint, Settlement Agreement and Release documents will resolve all disputes between the minors, parents, all defendants, and any insurers on their behalf.

25. The Guardian ad Litem for the minors, acting on behalf of the minors, understands that the settlement is final and in full satisfaction, release and compromise of any and all claims which have previously arisen or may which hereafter arise against Defendants or its insured, as a result of the incident at issue in the matter, and the

4

8565843v.1

Case 1:19-cv-00849-CCE-JEP   Document 22-1   Filed 12/09/20   Page 4 of 7

settlement is being submitted to the Court for its consideration, sanction, and approval in order that the settlement may be valid and binding for all purposes according to the law.

26. The Court has inquired into the matter set forth in the Complaint, including, but not limited to, the existence of and the nature and extent of the injuries alleged to have been sustained by the minors, and the court has considered statements of the parties involved in the accident.

27. On December 9, 2020, all interested parties appeared before the court and are in agreement with and consent to the settlement.

NOW, THEREFORE, based upon the foregoing findings of fact, the Court makes the following:

## **CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the parties and the subject matter, and the parties are properly before the Court;

2. The Court finds that the settlement agreement reached by and between the parties to this proceeding as set forth in the Complaint, Settlement Agreement and Release documents is just, fair and reasonable in all respects and is in the best interest of the minors;

3. The Court further finds that based on the terms of the settlement agreement reached, it is appropriate that any and all monies tendered on behalf of the minor children are maintained, managed, and controlled by the minor children's Guardian Ad Litem, and does not need to be maintained or accounted for by the Clerk.

5

8565843v.1

Case 1:19-cv-00849-CCE-JEP   Document 22-1   Filed 12/09/20   Page 5 of 7

4. Payment by Defendants, or insurers on their behalf, of the sum set forth in the Order for the use and benefit of the minors shall extinguish any and all liability that all Defendants and their insurers had or may have to the minors, and/or their parents/legal or natural guardians, now or in the future.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The settlement agreement reached by the parties to the proceeding as set forth in the Complaint, Settlement Agreement documents are hereby adopted and approved in all respects.

2. The sum of TEN THOUSAND AND 00/100 ($10,000.00) shall be paid to The Nesmith Firm, PLLC for the benefit of the minors to be distributed as follows:

    A. Cash at settlement in the amount of $10,000 which shall be distributed as follows:

    i. $1,146.22 to The Nesmith Firm, PLLC as reimbursement for advanced costs;

    ii. $3,500.00 to The Nesmith Firm, PLLC as payment of attorney's fees;

    iii. $ 2,676.89 as payment to minor A.M.;

    iv. $ 300.00 as payment to minor E.M.;

    v. $2,376.89 as payment to Dominque and Brinley McGill.

    B. Upon receipt of the payment of the sums set forth above by Sedgwick on behalf of its insured, all Defendants shall be forever released, acquitted and discharged from any and all liability or claims for liability, any and all damages,

8565843v.1

both seen and unforeseen, incurred by the minors and their parents/legal or natural guardians as a consequence of the incident.

3. Upon receipt of the payment of the sums set forth by the Defendants or insurers on their behalf of its insured, the Guardian ad Litem for the minors and Dominque McGill and Brinley McGill, individually are authorized and ordered to execute the Settlement Agreement and Release.

4. Upon receipt of the payment of the sums set forth above, and upon the execution of the Settlement Agreement and Release by the Guardian ad Litem for the minors and the Parents for the minors the action shall be and is hereby dismissed with prejudice with each party to bear its own costs except as otherwise detailed in the Order.

This the _____ day of December, 2020.

                                                    _____
                                                  UNITED STATES MAGISTRATE JUDGE